# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

       Plaintiff,

v.

D-3 GREGORY YOUNG JR.,

       Defendant.

Case no. 20-cr-20520

HON. JUDITH E. LEVY

---

## ORDER CONTINUING THE PLEA CUT-OFF, TRIAL DATES, AND FINDING EXCLUDABLE DELAY

---

The Court has considered the government's motion to continue the plea cut-off, and trial dates, and for a finding that the time period from May 24, 2021 to the new trial date determined by the Court qualifies as excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7). For the reasons described in the government's motion, and after considering the factors listed in § 3161(h)(7)(B), the Court finds that the ends of justice served by granting the government's requested continuance outweigh the best interests of the public and the defendant in a speedy trial, and that the time from May 25, 2021 to the new trial date

determined by the Court qualifies as excludable delay under § 3161(h)(7). Specifically, the Court finds that:

- The unprecedented and exigent circumstances created by COVID-19 and related coronavirus health conditions have created a health emergency throughout the United States and numerous foreign countries that has resulted in widespread societal disruption.

- The Court is operating under an emergency administrative order, limiting the availability of the Court to conduct hearings and trials.

- The parties are engaging in plea negotiations and require more time to complete those negotiations.

- As a result, failure to grant a continuance could lead to the dismissal of charges and thereby make a continuation of the proceeding impossible and result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(i).

- The Court also finds that the ability of counsel for the defendant and for the government to prepare for trial is severely impaired by the health and travel restrictions imposed in light of the coronavirus outbreak in Michigan and elsewhere, and that a failure to grant this continuance would deny counsel for the defendant and

the attorneys for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, see 18 U.S.C. § 3161(h)(7)(B)(iv), and/or would fail to recognize that it would be unreasonable to expect adequate preparation for the trial before the expiration of the STA's 70-day clock, *see* 18 U.S.C. § 3161(h)(7)(B)(ii).

IT IS THEREFORE ORDERED that the time from May 25, 2021, to the new trial date of June 28, 2021 shall constitute excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), because the Court finds that the ends of justice served by the granting of the continuance outweigh the best interests of the public and the defendant in a speedy trial.

IT IS FURTHER ORDERED that the plea cut-off/pretrial conference will be continued to June 16, 2021 at 10:30 a.m., and the trial continued to June 28, 2021 at 8:30 a.m.

IT IS SO ORDERED.

Dated: May 6, 2021                         s/Judith E. Levy
Ann Arbor, Michigan                        JUDITH E. LEVY
                                           United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 6, 2021.

<u>s/William Barkholz</u>
WILLIAM BARKHOLZ